IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01822–KMT

JOSE RAMOS,

    Plaintiff,

v.

BROOKDATE SENIOR LIVING COMMUNITIES, INC., a Delaware corporation,

    Defendant.

## ORDER

This matter is before the court on the "Joint Motion for Administrative Closure of Proceedings Pending Arbitration." (Doc. No. 13, filed July 29, 2014.) For the following reasons, the Motion is GRANTED.

Under the Federal Arbitration Act (FAA), 9 U.S.C. § 3, a district court must stay or dismiss judicial proceedings when a written agreement provides that the subject of the litigation must be submitted to arbitration. "'There is a strong federal policy favoring arbitration for dispute resolution.'" *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1514 (10th Cir. 1995)(quoting *Peterson v. Shearson/Am. Express, Inc.*, 849 F.2d 464, 465 (10th Cir. 1988)). If there is uncertainty as to whether a claim is arbitrable, "[a]ll 'doubts are to be resolved in favor of arbitrability.'" *Id.* (quoting *Oil, Chem., & Atomic Workers Int'l Union, Local 2–124 v. American Oil Co.*, 528 F.2d 252, 254 (10th Cir.1976)). Further, when the parties have entered

into an arbitration agreement, and either party requests a stay of the case pending arbitration, the court must stay the case. 9 U.S.C. § 3.

On January 24, 2012, Plaintiff signed an Employee Binding Arbitration Agreement, which provides, *inter alia*:

> [a]s a condition of your employment here, you agree that any controversy or claim arising out of or relating to your employment relationship with us or the termination of that relationship, must be submitted for final and binding resolution by a private and impartial arbitrator to be jointly selected by you and us.

(Mot., Ex. A.) Plaintiff's claims in this action, in turn, assert that Defendant wrongfully terminated him because he failed to appear at work while he was serving jury duty. (*See generally* Compl., Doc. No. 4.) Accordingly, Defendant has asserted, and Plaintiff does not dispute, that the Employee Binding Arbitration Agreement constitutes a valid and enforceable arbitration agreement. Likewise, Plaintiff does not contest that the claims asserted in this lawsuit are within the broad scope of the parties' agreement and are therefore subject to arbitration. As such, the parties seek to have this case administratively closed pending completion of arbitration.

The court agrees that arbitration of Plaintiff's claims is appropriate under the terms of the Employee Binding Arbitration Agreement and the FAA. Further, because the Tenth Circuit has construed an administrative closure to be the practical equivalent of a stay, *see Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987), the court finds it appropriate to administratively close this case pending completion of arbitration, D.C.COLO.LCivR 41.2 ("A district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause.").

Accordingly, for the foregoing reasons, it is

ORDERED that the "Joint Motion for Administrative Closure of Proceedings Pending Arbitration" (Doc. No. 13) is GRANTED.  Pursuant to § 3 of the FAA, 9 U.S.C. § 3, and D.C.COLO.LCivR 41.2, this matter shall be ADMINISTRATIVELY CLOSED, subject to reopening for good cause.

Dated this 11th day of August, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge